IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAWB EZELL, d/b/a D&D
ENVIRONMENTAL, LLC and
ROXANNE JONES, d/b/a J.R.'s
ENVIRONMENTAL CONSULTING,

    Plaintiffs,

vs.                                            CASE NO. 5:09cv353/RS-EMT

ANA M. VIAMONTE ROS in her
official capacity as the Secretary of
the State of Florida Department of Health;
RALPH MILLER, individually; and SCOTT
BUTCHER, individually,

    Defendants.
_____/

## ORDER

Before me is Defendants' motion for disqualification (Doc. 112). A hearing was held on this matter on July 2, 2010, with all counsel and parties present.

## ANALYSIS

There are two competing policies that bear on a motion to recuse. The first is that courts must not only be, but must seem to be, free of bias or prejudice. *See United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). The second is that "a judge, having been assigned to a case, should not recuse himself on

1

unsupported, irrational, or highly tenuous speculation." *Id.* If this occurred, "the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

The law in the Eleventh Circuit is clear: "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Carter v. West Publ'g Co.*, 1999 WL 994997 * 7 (11th Cir.)(quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). Although judges should resolve any doubts in favor of disqualification, there must actually exist some reasonable doubt concerning the judge's impartiality. "If Congress had wanted judges to abandon all caution in deciding motions to recuse, they would have enacted a scheme of disqualification on demand." *Carter* at *2. However, Congress required that that judge's impartiality must "*reasonably* be questioned" in order for the judge to recuse himself, because there is the need to prevent parties from manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking. *Id.* (citing *FDIC v. Sweeney*, 136 F.3d 216, 220 (1st Cir. 1998)). As the Seventh Circuit observed: "A judge who removes himself whenever a party asks is giving that party a free strike, and Congress rejected proposals . . . to allow each party to remove a judge at the party's option." *New York City Housing Dev. Corp. v Hart*, 796 F.2d 976, 981 (7th Cir. 1986).

Recusal is governed by two federal statutes: 28 U.S.C. § 144 and § 455. Defendants have requested that I disqualify myself under both statutes.

## 28 U.S.C. § 144

Section 144 provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

If an affidavit filed under §144 is timely and technically correct, its factual allegations must be taken as true for the purposes of recusal. *Phillips v. Joint Legislative Com., Etc.,* 637 F.2d 1014, 1019 (5th Cir. 1981).[1] Once the motion is filed, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged. *Parrish v. Board of Commissioners of the Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975).[2]

Legal sufficiency is determined as a question of law on the basis of whether the affidavit sets out facts and reasons for the party's belief that the judge has a personal bias that "give fair support to the charge of a bent mind that may prevent or impede impartiality of judgment." *Id.* (citing *Berger v. United States*, 255 U.S. 22, 33, 41 S.Ct. 230, 233 (1921)). The legal question presented is determined by applying the reasonable man standard to the facts and reasons stated in the

---

[1] Pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.
[2] *See* note 1, *supra*.

3

affidavit. *Parrish* at 100. Thus, to warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

In *Parrish,* 524 F.2d 98, the Fifth Circuit adopted the tripartite test of the Third Circuit for analyzing an affidavit filed pursuant to § 144:[3]

> In an affidavit of bias, the affiant has the burden of making a three-fold showing:
>
> (1) The facts must be material and stated with particularity;
>
> (2) the facts must be such that, if true they would convince a reasonable man that a bias exists, and
>
> (3) the facts must show the bias is personal, as opposed to judicial, in nature.

It is under this test that I analyze Defendants' motion under § 144.

I accept the facts in Defendants' affidavits as true for the purposes of this motion. *Parrish* at 100; 28 U.S.C. § 144. The only material facts contained in the affidavits filed by Defendants are that, first, at a deposition Plaintiff Roxanne Jones produced from her cellular phone a telephone number that she represented to belong to me. The affidavits to do not explain how the phone number came to be on her cell phone. The second material fact set forth in Defendants' affidavits is that Plaintiff Jones stated that she was my neighbor. No further detail was given.

---

[3] This is binding on the Eleventh Circuit pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

Defendants argue that I must also take into account Defendants' impressions of Plaintiff Jones' demeanor, facial expression, and tone of voice. These are merely Defendants' subjective opinions and conclusions, not facts. Furthermore, Defendants' statements regarding their impressions of Plaintiff Jones' tone, demeanor, and facial expressions are not sufficiently stated with particularity, as required by § 144. Defendants do not describe Plaintiff's tone, demeanor, and facial expressions. Instead, they simply state the broad conclusion that "any observer . . . would have a significant doubt as to the judge's impartiality." Defendants' subjective observations and opinions are not facts, and moreover, are not stated with particularity.

Defense counsel also repeatedly argued at the hearing that her clients were reasonable people, and because they entertained doubts about my impartiality, I must recuse myself. This is not the standard. Defendant's opinions and conclusions are irrelevant. Whether the facts would convince a reasonable person that bias exists is a legal question to be determined by the Court, not the Defendants. Furthermore, the standard is not whether Defendants themselves have a doubt about my impartiality, or whether a reasonable person would have a doubt. The standard under 28 U.S.C. § 144 is clear: "The facts must be such that, if true, they would convince a reasonable person that bias exists." *Parrish* at 100. Merely a doubt is insufficient.

The only facts alleged by Defendants are that Plaintiff produced from her cell phone (in a manner unknown) a telephone number that she represented to be my number.  She then stated that she was my neighbor.  These two facts alone are not sufficient to convince a reasonable person that bias definitely exists.  A reasonable person would require more information and would likely have additional questions needing answers before reaching the conclusion that bias was present.  A reasonable person would want to know how Plaintiff produced the phone number: Was it stored in her phone? Did she perform an internet search on her phone? Did she retrieve it from an e-mail or text message? Was it a correct number for the judge? Was it an office number or a home number?  A reasonable person would also need to know more information about Plaintiff's statement that the judge was her neighbor: Are they in fact neighbors? Do they live next door? A block away? Three blocks away? A mile? How long have they been neighbors? Do they speak to each other? Do they like each other?  Do they hate each other?  The two facts raised by Defendants in their affidavits would lead only to more questions, and are not sufficient to convince a reasonable person that bias exists.  Therefore, Defendants' affidavits are legally insufficient under 28 U.S.C. § 144, and recusal is not appropriate.

## 28 U.S.C. § 455

Defendants' motion fares no better under § 455. The standard of recusal under § 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). The relevant inquiry is "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person. *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

At the hearing on July 2nd, for the purposes of evaluating Defendants' motion under the harsher standard of §144, I did not consider Plaintiffs' affidavits or any outside information. However, having already reached and announced a decision on recusal, I now consider Plaintiffs' explanation in evaluating Defendants' claim under § 455 in an attempt to both reassure Defendants and their representatives, as well as address my concerns about Defense counsel's conduct in filing this motion.

A fully informed observer under § 455 would have answers to all the questions posed above. Plaintiff Jones' affidavit addresses many of these questions. She explains that at a deposition the lawyers were attempting to call me, but did not have my telephone number. Plaintiff then text messaged her husband from her cellular phone and asked him to get my phone number. Her

husband text messaged Plaintiff back with a number that she believes began with "785" and represented it to be my home telephone number. Plaintiff Jones then said that I was her neighbor, based on the fact that the prefix of the number indicated that it was a downtown Panama City prefix, and Plaintiff Jones lives in a downtown area.

Plaintiff Jones further states in her affidavit that she has never met me, does not know me, and would not know me if she saw me. I can state the same of Plaintiff Jones: I do not know her or her husband; I have never met them. To this day I would not recognize them if I saw them. Furthermore, my home telephone number does not begin with the prefix "785," it begins with the numbers "763." In addition, my home address and telephone number have always been publicly listed in the phone book, so any person could easily access this information without knowing me personally. Upon further investigation, it appears that Plaintiff Jones lives several blocks away from me. However, we have never crossed paths before and have never had any sort of friendship or even acquaintanceship.

A reasonable person, fully informed with all of these facts, would not have cause to entertain doubts about my impartiality.[4] Therefore, recusal is not warranted under § 455.

---

[4] Indeed, after learning all the facts at the hearing, all three Defendants stated that they no longer had any concern about my impartiality in this case.

## Certificate of Counsel

28 U.S.C. § 144 requires that the affidavits filed "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." This is "no meaningless provision." *Beland v. United States*, 117 F.2d 958, 960 (5th Cir. 1941)[5](examining an earlier version of the recusal statute). "[T]he provision requiring the certificate of a member of the bar is a precaution against abuse of the privilege afforded by the act. The 'good faith' certificate of counsel of record is indispensible and affidavits which are not accompanied by the certificate are insufficient and may not be filed." *Id.* Furthermore, as the First Circuit has noted, it would seem meaningless to ask a lawyer to certify that his client believed an affidavit to be legally sufficient while thinking it frivolous himself. *In re Union Leader Corp.*, 292 F.2d 381, 385 (1st Cir. 1961). Federal Rule of Civil Procedure 11 states that counsel in filing a pleading impliedly certifies "that to the best of his knowledge, information, and belief there is good ground to support it." *Id.* The disqualification of a judge scarcely merits a lower standard. *Id.*

Given the true facts of this situation, Defense counsel's certificate of good faith is unacceptable. A simple phone call and a few questions to Plaintiffs' counsel would have revealed what Plaintiff Jones set forth in her affidavit: Plaintiff

---

[5] Binding on this Court pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

Jones and I have absolutely no personal relationship or connection whatsoever. Had Defense counsel conducted minimal research or further inquiry, she would have realized that her motion to disqualify was entirely unfounded and without merit. Furthermore, even after receiving Plaintiff's response to Defendants' motion to disqualify two days prior to the hearing, which explained that Plaintiff Jones and I did not know each other in any way, Defense counsel did not withdraw her motion or conduct further investigation, but chose to proceed with the hearing.

Federal Rule of Civil Procedure 11 and the Code of Professional Conduct hold attorneys to a higher standard than simply "rubber-stamping" their clients' statements without a reasonable basis to believe there are grounds to support it. Had Defense counsel complied with these rules, great expense and effort could have been saved for all parties involved in this case.

## CONCLUSION

Accordingly, Defendants' motion to disqualify (Doc. 112) is **denied**.

**ORDERED** on July 9, 2010.

>
> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**